421 F.2d 12
 MEISSNER ENGINEERS, INC., Bankrupt,
v.
Charles A. THOMAS and Jack Arnold Welfeld, as Attorneys for
Gerald P. Grace, as Receiver and Trustee,
Appellants, Robert B. Chatz and Carmell
and Charone, As Attorneys for
Bankrupt, Appellants.
 No. 17674.
 United States Court of Appeals Seventh Circuit.
 Jan. 6, 1970.
 
 Jack Arnold Welfeld, Chicago, Ill., Charles A. Thomas, Rockford, Ill., for appellants.
 Leonard Gesas, Chicago, Ill., for Robert B. Chatz and Carmell & Charone.
 Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit judges.
 HASTINGS, Senior Circuit Judge.
 
 
 1
 On appeal, certain attorneys in a federal straight bankruptcy proceeding claim they are not being paid enough for their services.
 
 
 2
 Meissner Engineers, Inc., (bankrupt) was engaged in the business of consulting and designing. On January 7, 1963, creditors filed an involuntary petition for adjudication as a bankrupt in the United States District Court for the Northern District of Illinois.[1] On February 8, 1963, Gerald P. Grace was appointed receiver. After adjudication, Grace was appointed trustee on June 10, 1963.
 
 
 3
 The assets of the bankruptcy estate consisted mainly of furniture, fixtures, some equipment, receivables and related claims. The net proceeds realized in the liquidation of the estate totaled $398,577.92.
 
 
 4
 Under the final report submitted in the bankruptcy, as approved and recommended for allowance by the referee on October 9, 1968, the estate would have been distributed as follows:
 
 
 5
 Item Amount
------------------------------- -----------
Disbursements by Receiver $ 23,992.54
Disbursements by Trustee 282,603.22
Receiver's Fee 3,900.00
Trustee's Fee 3,750.00
Referee's Salary & Expense Fund 8,581.51
Attorneys' Fees 37,308.90
Section 64a(4) Tax Claims 38,441.75
 (10.4123% Dividend)
Other Creditors 0.00
 -----------
 Total $398,577.92
 -----------
 
 
 6
 The following schedule of allowances of commissions and fees reflects the amounts requested and initially allowed by the referee in proposing the above distribution:
 
 
 7
 Amount Amount
 Name and Office Requested Allowed
--------------------------------- ---------- ----------
GERALD P. GRACE $ 4,116.60 $ 3,900.00
 Receiver
GERALD P. GRACE 4,151.67 3,750.00
 Trustee
CHARLES A. THOMAS & 6,000.00 4,700.00
 JACK ARNOLD WELFELD
 Attorneys for Receiver
CHARLES A. THOMAS & 34,000.00 18,750.00
 JACK ARNOLD WELFELD
 Attorneys for Trustee
 Costs 18.90 18.90
ROBERT B. CHATZ, 18,000.00 6,500.00
 CARMELL & CHARONE
CHADWELL, KECH, 11,530.00 3,750.00
 KAYSER, RUGGLES &
 McLAREN
 Attorneys for Bankrupt
CARMEL COOPER & 4,740.00 3,160.00
 LOPATY
 Attorneys for Petitioning Creds.
 Costs 55.00 55.00
GALE L. MARCUS 2,218.75 375.00
 Attorney for Uns. Creds. Comm.
 ---------- ----------
 Totals $84,830.92 $44,958.90
 ---------- ----------
 
 
 8
 Pursuant to Bankruptcy Rule 25(f) of the district court,[2] the referee's order on the applications for allowances was subject to automatic review by and became effective only upon the express approval of a judge of the district court.
 
 
 9
 On February 10, 1969, the district court reviewed the entire file and the claims submitted and found the above allowances of $44,510.00 for commissions and fees to be excessive. The case was remanded to the referee with instructions 'to reduce the commissions and fees and to reapportion the same among the various claimants.'
 
 
 10
 On March 3, 1969, pursuant to such remand, the referee entered a memorandum order reducing the allowance for commissions and fees as follows:
 
 
 11
 Reduced Reduced
 Name and Office from to
--------------------------------- ---------- ----------
GERALD P. GRACE $ 3,900.00 $ 2,750.00
 Receiver
GERALD P. GRACE 3,750.00 2,650.00
 Trustee
CHARLES A. THOMAS & 4,700.00 3,325.00
 JACK ARNOLD WELFELD
 Attorneys for Receiver
CHARLES A. THOMAS & 18,750.00 13,325.00
 JACK ARNOLD WELFELD
 Attorneys for Trustee
 Costs 18.90 18.90
ROBERT B. CHATZ, 6,500.00 4,600.00
 CARMELL & CHARONE
CHADWELL, KECH, 3,750.00 2,650.00
 KAYSER, RUGGLES &
 McLAREN
 Attorneys for Bankrupt
CARMEL COOPER & 3,160.00 2,225.00
 LOPARY
 Attorneys for Petitioning Creds.
 Costs 55.00 55.00
GALE L. MARCUS 375.00 250.00
 Attorney for Uns. Creds. Comm.
 ---------- ----------
 Totals $44,958.90 $31,848.90
 ---------- ----------
 
 
 12
 Under the amended order by the referee on remand, the estate will be distributed as follows:
 
 
 13
 Item Amount
------------------------------- -----------
Disbursements by Receiver $ 23,992.54
Disbursements by Trustee 282,603.22
Receiver's Fee 2,750.00
Trustee's Fee 2,650.00
Referee's Salary & Expense Fund 8,581.51
Attorneys' Fee 26,448.90
Section 64a(4) Tax Claims 51,551.75
 (13.9633% Dividend)
Other Creditors 0.00
 -----------
 Total $398,577.92
 -----------
 
 
 14
 On March 14, 1969, the claimant-attorneys appeared before the district court and orally urged the court to increase their fees.
 
 
 15
 On March 19, 1969, after again reviewing 'the entire file in the case, including the Referee's reports, the transcript of proceedings, the attorneys' petition for fees, and the receiver's and trustee's reports,' the district court entered an order approving the referee's findings and conclusions as modified.
 
 
 16
 Charles A. Thomas and Jack Arnold Welfeld, attorneys for the receiver and trustee, and Robert B. Chatz and Carmell and Charone, among the attorneys for the debtor and bankrupt, alone appeal from the order of the district court of March 19, 1969. No appearance or briefs were filed by any appellee. We heard oral argument on behalf of appellants. We affirm.
 
 
 17
 In seeking a reversal of the order of the district court on the merits of the controversy concerning the final allowance of attorneys' fees to appellants, the main thrust of the argument appears to be that the district court applied improper standards of review in remanding the matter to the referee with instructions to reduce the allowances made by him.
 
 
 18
 Appellants charge that the district court improperly substituted its judgment for that of the referee without making a finding that the referee's action was clearly erroneous[3] and constituted an abuse of his allowable discretion. Further, that the district court erred in its reduction order by relying primarily upon statistical averages of administrative expenses.
 
 
 19
 At the outset, we note the concise statement of the district judge in his first memorandum order: 'After a review of the entire file and study of the claims submitted, I consider the allowance of $44,510.00 for commissions and fees excessive.' It is plain beyond dispute that the district court concluded the findings of the referee were 'clearly erroneous.'
 
 
 20
 Immediately following the foregoing statement, Judge Decker continued: 'Although I agree that it is unfair to impose an arbitrary ceiling on fees and commissions to be applied in all cases it would appear to me that in an estate of this size, it would be unusual to allocate more than 8% Of the total assets to the payment of attorneys' fees and commissions.' Appellants find this to be offensive to the general postulate that statistical averages offer no proper basis for the conclusion a court may reach in a particular case. See Jacobowitz v. Double Seven Corporation, 9 Cir., 378 F.2d 405, 408 (1967). However, that is not what the district judge said or intended, nor did the court in Jacobowitz stop there. It concluded: 'Attorneys' fees, like other expenses of administration, vary widely, depending upon the circumstances and must be considered and determined on a case by case basis.' Id.
 
 
 21
 Appellants made the same argument on bankruptcy statistics to the district court as they make to us. In its March 19, 1969 memorandum the district court said: 'In oral argument, counsel apparently misunderstood this court's earlier reference to the national statistics on the cost of bankruptcies. Since average bankruptcy expenses in the northern district of Illinois are large, the February 10, 1969 memorandum opinion implied that district courts should be particularly alert for cases in which the costs are excessive. But, the evaluation of the fees in an individual case should never be influenced by such statistics.'
 
 
 22
 It further appears the district court relied upon the factors found applicable in Jacobowitz, 378 F.2d at 408, and followed the economical spirit of the Bankruptcy Act as expressed in 3 Collier on Bankruptcy 62.12(5), p. 1495.
 
 
 23
 In addition, the district court stated: 'While the estate required extensive service, the fees initially recommended were based on an excessive per hour charge; similarly, the parties' enumeration of hours worked was quite generous.'[4]
 
 
 24
 In passing, we observe that on the settlement as finally approved by the district court the general creditors with claims totalling about $716,000.00 will receive nothing, priority claims will not be paid in full and tax claimants will receive about 14% On their claims.
 
 
 25
 Our review of this matter leaves us with the firm conviction that the district court properly applied correct legal standards in reaching its final conclusions and did not err in entering the orders under consideration.
 
 
 26
 Finally, for the first time on this appeal, appellants ask us to hold: 'That Rule 25(f) of the Bankruptcy Rules of the United States District Court for the Northern District of Illinois, Eastern Division, be declared to be in conflict with the Bankruptcy Act and the General Orders in Bankruptcy, and that said Rule is, accordingly, invalid.'
 
 
 27
 This matter was not presented to the district court for its consideration. It comes too late to ask or even expect such drastic action on this appeal. We shall not consider it here.
 
 
 28
 The order of the district court entered on March 19, 1969, is affirmed.
 
 
 29
 Affirmed.
 
 APPENDIX
 
 30
 Rule 25(f), Bankruptcy Rules of the United States District Court for the Northern District of Illinois, provides:
 
 
 31
 (f) Following any hearing on applications for allowances, the referee shall prepare an order on the applications.
 
 
 32
 (1) If (a) the total assets realized in the case do not exceed $500 in the case of a non-business petition, or $1,000 in the case of a commercial or business petition or (b) the total costs of administration do not exceed 25% Of the total proceeds realized or $25,000, whichever is less, the order of the referee shall be effective upon entry, subject only to review pursuant to a petition for review as provided in Section 39(c) of the Bankruptcy Act and Rule 26 hereof.
 
 
 33
 (2) All other orders allowing compensation shall be subject to review by and become effective only upon the express approval of a judge of this court. The referee shall file a copy of such orders with the clerk who shall treat the order in the same manner as a Petition for Review and assign it to a judge. (a) To facilitate the consideration of the order by the court, the referee shall append a report, setting forth the following information: (1) the amount of total proceeds realized; (2) the total costs of administration if the referee's order becomes effective; (3) the percentage of total proceeds which will be consumed by costs of administration; (4) the amount necessary to pay a dividend to general creditors of 1%; (5) the amount of proceeds which will remain after payment of these allowances and any other deductions; (6) the amounts and percentages of any prior dividends; (7) the amounts sought by or heretofore paid to the receiver, the trustee and their attorneys; (8) the amounts of compensation previously paid to other persons for services rendered the estate; and (9) any other information which he believes will be of assistance to the court. (b) The referee shall also indicate the reasons for recommending approval of any such order and shall specifically justify any (1) allowance of attorneys fees in excess of 40% Of the total costs of administration; (2) allowance to an attorney for a receiver or trustee of more than twice the allowance of his client; or (3) allowance to a receiver or trustee in excess of 90% Of the amount allowable under the percentage computation in the Act and which results in a receiver's fee exceeding 2% Or a trustee's fee exceeding 4% Of the total costs of administration. (c) The automatic briefing provisions of Rule 26E shall not apply to the review of such orders unless ordered by the judge assigned to the matter.
 
 
 
 [1]
 The bankruptcy proceeding was conducted by the Honorable Elmer P. Schaeffer, Referee, with the Honorable Bernard M. Decker, District Judge, presiding
 
 
 [2]
 Bankruptcy Rule 25(f) is set out in full as an Appendix to this opinion
 
 
 [3]
 General Order in Bankruptcy, No. 47, provides:
 '47-- Reports of Referees and Special Masters'
 'Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous * * *.'
 
 
 [4]
 The district court in a footnote said: 'To illustrate, the Referee suggested that the attorneys for the trustee and the receiver be paid about $50 per hour for the full 470 hours requested; but twenty of those hours were attributable to 'estimated unrecorded time for conferences, correspondence, telephone calls, meetings with counsel, * * * (and) time required to attend Final Meeting and close estate * * *.' These lawyers will now receive in excess of $35 per hour for each hour they sought compensation, including the preceding twenty hours.' It appears that other attorneys will receive a lower hourly rate